### 9011. JACKSON *v.* DOOLITTLE.

1. Where one is employed for a certain time at a specified monthly salary under an express contract, and after the expiration of that time, without further agreement, continues to serve his employer, who accepts his services, a promise by the employer to pay therefor at the rate prescribed in the contract is implied. Hence there is no merit in the contention of the plaintiff in error that no contract between the parties was shown, as alleged in the petition. *Standard Oil Co.* v. *Gilbert,* 84 *Ga.* 714, 717 (11 S. E. 491, 8 L. R. A. 410); *Tippin* v. *Brockwell,* 89 *Ga.* 467 (15 S. E. 539).

2. The court did not err in allowing another of the defendant's employees to testify: "I am not working on the six per cent. basis myself." Although, as contended by the plaintiff in error, any contract under

which another employee was working would not illustrate the contract between plaintiff and defendant, this evidence was admissible for the purpose of contradicting the witness's former testimony that both his own and the plaintiff's contract of employment had been changed from a salary basis to a commission basis.

3. The court did not err in charging the jury as follows: "If you find from the evidence that the plaintiff was employed as a salesman by the defendant under a contract which terminated on January 1st, 1917, at $65 per month, and you find that there was no further express contract between the parties, and the plaintiff continued to work for the defendant in his store as a salesman, then the plaintiff would be entitled to recover for the time he served in said store at the rate of $65 per month, less any deduction of any amounts paid him." This charge was a correct statement of the law applicable to the facts in this case.

4. The evidence authorized the jury to find that the facts enumerated by the judge in the charge quoted above were true; and, the plaintiff having written off from the verdict the amount of set-off proved by the defendant, the court did not err in refusing the defendant a new trial.

DECIDED DECEMBER 14, 1917.

Complaint; from city court of Sandersville—Judge Jordan. June 2, 1917.

*Evans & Evans,* for plaintiff in error. *W. M. Goodwin,* contra.

HARWELL, J. Doolittle sued Jackson on an alleged contract of employment, claiming that Jackson was due him salary at the rate of $65 per month from January 1, 1917, to March 19, 1917, less $90 paid him by Jackson. His evidence on the trial showed, that he had been employed by Jackson under an express contract for a term beginning September 1, 1916, and expiring January 1st, 1917, at a monthly salary of $65; that he served Jackson during the term of their contract, and, without any further agreement as to his salary, continued to work for Jackson after the expiration of their contract, and worked for him until March 19, 1917, when he voluntarily left Jackson's employment. The defendant, on the other hand, contended, in his evidence, that he called Doolittle and another employee, McDaniel, to him before January 1, 1917, and told them that business was dull and he could not afford to pay them the same salary as theretofore, and informed them that if they continued in his employment he could only pay them six per cent. upon their gross sales, and that Doolittle continued in his employment after January 1, 1917, under such an understanding; that Doolittle had earned, under this new agreement, $58.39;

that he had advanced him during this time $90; and that he owed the defendant $11.40 for credit he had extended to customers and become personally responsible for. The jury found for the plaintiff an amount representing his salary from January 1, 1917, to March 19, 1917, at $65 per month, less the $90 admittedly paid to him by defendant. On hearing the motion for new trial the court required the plaintiff to write off from his judgment the sum of $11.40, which the defendant's undisputed evidence proved to be due him from plaintiff, and then overruled the motion for new trial.

It is not necessary to add anything further to the headnotes.

- *Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*